### In re VALLEY BUILDING SUPPLY, INC., Debtor.

### Bankruptcy No. 83–186.

United States Bankruptcy Court,
D. Vermont.

April 3, 1984.

David H. Gregg, Jr., Bethel, Vt., for Steven Patrick Christian Manor for Exceptional Boys, Inc.

George T. Faris, IV, Montpelier, Vt., for the Small Business Administration.

Andrew R. Field, Montpelier, Vt., for Randolph Nat. Bank.

Douglas J. Wolinsky, Burlington, Vt., trustee, pro se.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

The Debtor, Valley Building Supply, Inc. (Valley), filed a voluntary petition under chapter 7 of the Bankruptcy Code (Code) on September 30, 1983. The instant matter comes before the court on the motion of Steven Patrick Christian Manor for Exceptional Boys, Inc. (Manor), for payment of its claim in this case. A hearing was held on March 2, 1983. The records in the case and the testimony adduced at the hearing establish the facts set forth below.

## FACTS

On November 4, 1983, Manor filed a secured claim in the amount of $13,586.90. The court acknowledged the claim in that amount as a secured claim representing the indebtedness on a promissory note. The note was secured by a purchase money security interest in the form of a second mortgage on certain real estate located in Randolph, Vermont.

On October 29, 1983, Manor purchased the real estate in Randolph on which it had a lien, at a public auction conducted by the bankruptcy trustee in this case pursuant to an order of the court dated October 11, 1983. On November 28, 1983, the court confirmed the sale.

Manor recorded the Trustee's deed on February 17, 1984.

On December 2, 1983, the United States of America, acting by and through the Small Business Administration (SBA), filed a secured claim for $101,501.38, representing the indebtedness of the debtor to the SBA for monies previously loaned to the debtor. The SBA's claim was acknowledged by this court on December 2, 1983. No objection to the claim has been raised, and it is now deemed allowed pursuant to section 502(a). The SBA's claim was secured by a first mortgage on the debtor's real property in Randolph, Vermont. The per diem on the SBA's mortgage was $29.60 as of September 7, 1983.

The junior lien of Manor and the senior lien of the SBA attached to the proceeds of the trustee's sale by order of this court prior to sale.

## DISCUSSION

Code section 363(k) governs the extent to which a creditor purchasing property at a trustee's sale under Code section 363(b) may offset his claim against the purchase price. The section provides, "At a sale under subsection (b) of this section of property that is subject to a lien that secures an allowed claim, if the holder of such claim purchases such property, such holder may offset such claim against the purchase price of such property."

The legislative history to section 363(k) clarifies that the creditor-purchaser at such a sale "will be permitted to offset the value of *his interest* against the purchase price of the property." House Report No. 95–595, 95th Cong. 1st Sess. 345 (1977), U.S. Code Cong. & Admin.News 1978, pp. 5787, 6302. Underscoring supplied.

*Collier on Bankruptcy* (15th ed. 1981) 2:363.11 at 363–35 reports that "[t]he right of the creditor to offset is unaffected by any prior valuation under section 506(a) which may have divided an allowed claim into an allowed secured claim and an allowed unsecured claim due to a preceived lack of collateral value."

██ Thus, a creditor-purchaser at a trustee's sale under section 363(b) may offset

the value of his interest against the purchase price of the property regardless of whether a determination of secured status has been made under section 506.

In the instant case, the value of Manor's interest which Manor is entitled to offset is the extent of equity, if any, as to Manor in the property immediately prior to the trustee's sale. There was testimony in this proceeding that the encumbered real estate in Randolph was worth a total of $76,500. It sold for a total of $63,500, Manor buying one parcel for $42,500. The debtor valued the two parcels at 100,000 on Schedule B–1. Thus it appears that there was no equity as to Manor in the real estate, as follows:

| | |
|---|---|
| highest possible valuation | $100,000.00 |
| 1st mortgage including per diem to date of sale | (102,862.98) |
| lack of equity | ( 2,862.98) |

There being no equity as to Manor, Manor's interest in the property had *de minimus* value. Therefore, the value of Manor's interest in the property, which Manor is entitled to offset against the purchase price, is nothing. Accordingly, no payment should be made on Manor's claim until the SBA as senior lienor has been paid.

The court has found only two cases which treat the right of secured creditors to bid in the amount of their claim at a trustee's sale, *In re Boogaart of Florida, Inc.*, 17 B.R. 480, 5 C.B.C.2d 1441 (Bkrtcy. S.D.Fl.1981) and *Gerdes v. Gerdes*, 33 B.R. 860 (Bkrtcy.S.D.Ohio 1983). Both cases appear to involve bidding by senior lienors and thus are not apposite to the instant matter for the reason that, in the instant case, it is a junior lienor who seeks to offset his bid.

The case *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 49 L.Ed.2d 136 (1979), examined rights under a security interest in rents. Nevertheless the language of *Butner* would seem to indicate that the result reached in the instant dispute should be consistent with Vermont law, under which no payment would be made to Manor until the SBA as senior lienor had been paid on its claim. In part, the *Butner* court stated:

Our concern is with the proper interpretation of the federal statutes governing the administration of bankrupt estates...

Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding...

The minority of courts which have rejected state law have not done so because of any congressional command, or because their approach serves any identifiable federal interest...

[T]he federal bankruptcy court should take whatever steps are necessary to ensure that the mortgagee is afforded in federal bankruptcy court the same protection he would have under state law if no bankruptcy had ensued.

### ORDER

Upon the foregoing,

IT IS ORDERED, that payment to Steven Patrick Christian Manor for Exceptional Boys, Inc., on its secured claim as junior lienor be made in the ordinary course of administration of the debtor's estate but only after the secured claim of the Small Business Administration as senior lienor is satisfied.